On August 24, 1998, Appellant William Robinson was arrested by the Portsmouth Police Department and charged with possession of a controlled substance, in violation of R.C. 2925.11 (A). On December 21, 1998, the Scioto County Grand Jury formally returned an indictment against the appellant, charging him with possession of cocaine, in violation of R.C.2925.11 (A), a felony of the fifth degree, and tampering with evidence, in violation of R.C. 2921.12. a felony of the third degree. The case was tried to a jury on February 22 and 23, 1999. That jury found appellant not guilty of the possession charge, but guilty of the tampering charge. The court sentenced appellant to a term of two years imprisonment.
Appellant appeals his conviction, claiming that the jury's verdict was against the manifest weight of the evidence. We disagree and affirm the judgment of the trial court.
 STATEMENT OF THE CASE
On the afternoon of August 24, 1998, Robert Nichols, an Officer with the Portsmouth Police Department, was off duty but still in uniform. Nichols was in his personal automobile, which contained a portable transceiver, and was monitoring Portsmouth Police Department radio. At approximately 12:20 p.m., he received a general broadcast on his transceiver, reporting a disturbance at Fourteenth and Waller Streets in Portsmouth. Because he was then stopped at a store located only two blocks from the site of the disturbance, he notified the dispatcher that he would respond to the call.
Upon arriving at Fourteenth and Waller Streets, Officer Nichols found no disturbance. Nichols reported his findings to the dispatcher, who then broadcast an all clear on the original disturbance call. As he turned down Waller Street to return to the store, Nichols observed appellant and Jill Bolin arguing in the street beside a parked car. Officer Nichols reported to the dispatcher that this was probably the location of the original disturbance call and stepped out of his car to talk to the parties.
The appearance of Officer Nichols ended the argument, and appellant told the officer that there had been a fight up the block at Fourteenth and Waller Streets, but the participants in that disturbance were already gone. Officer Nichols remained by his car to await the arrival of the on-duty officers responding to the call. Appellant and Bolin walked over to the steps of a large apartment complex. Shortly thereafter, Officer Shipley and Patrolman Workman arrived in their patrol cars, whereupon Officer Nichols briefed them on what he had learned thus far at this stop.
At that time, appellant and Bolin became engaged in another loud argument. The three officers terminated the argument and separated the two of them. The officers soon discovered that neither appellant nor Bolin lived in the area and advised them both to leave the area. Bolin began to walk toward her parked car, when appellant asked the officers to accompany him while he retrieved some compact discs from her car. Officers Nichols and Shipley and Patrolman Workman all followed Bolin and appellant to Bolin's car. Officer Shipley and Patrolman Workman stationed themselves on the passenger side of the car, while Officer Nichols, appellant and Bolin were in Waller Street.
When Bolin entered her car and began to search through several CDs, Officer Nichols saw a plastic "baggie" fall out of the car onto the street. Appellant immediately tried to cover the baggie with his foot. Officer Nichols reached down and grabbed a corner of the baggie, ordering the appellant to move his foot. Appellant ignored him. Officer Nichols again ordered appellant to move his foot and appellant continued to ignore him. Officer Nichols pushed appellant aside and retrieved the baggie. The baggie contained what appeared to be crack cocaine. The officers arrested appellant and Bolin, initially charging both with use of a controlled substance, in violation of R.C. 2925.11 (A).
At appellant's trial, Jill Bolin testified for the state. She testified that, in exchange for her testimony at appellant's trial, the state had reduced the charge of drug possession to a misdemeanor charge of obstructing justice. Bolin further stated that she had had a two-year relationship with appellant and that he was the father of her newborn daughter. On August 24, 1998, she claimed to have received an invitation to visit a friend's house, near Fourteenth and Waller Streets. Bolin was talking with her friend when appellant pulled up and began to argue with her.
Bolin claimed that appellant placed the drugs in her car. She also claimed that he threatened her after their arrest. She believed appellant had the opportunity to secrete the drugs in her car either before the arrival of Officer Nichols or at the time she was attempting to retrieve his CDs from the vehicle.
Appellant, in his testimony at trial, claimed the basis of the initial argument with Bolin was his relationship with another woman. He claimed the drugs were not his and that he had not placed the baggie in Bolin's car. Appellant claimed that he did not see the baggie fall onto the street and was not aware that he had stepped on it. He denied threatening Bolin and claimed that she threatened to frame him just before the trial. He admitted to a prior conviction for drug trafficking. Appellant advanced the theory that, since drug trafficking was common near Fourteenth and Waller Streets, a third party had abandoned the baggie containing the crack cocaine on Waller Street earlier that day. Appellant theorized that Bolin had the misfortune to park her car at this exact spot, and Officer Nichols improvised his story when he spotted appellant standing on this "abandoned" baggie.
The jury found appellant not guilty of the charge of possession of cocaine, but found him guilty of the charge of tampering with evidence. Appellant filed his timely appeal to this verdict, raising a single assignment of error:
ASSIGNMENT OF ERROR I:
 THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE REGARDING TAMPERING WITH EVIDENCE.
 OPINION
In his sole assignment of error, appellant argues that the jury's verdict is against the manifest weight of the evidence. When we review the weight of evidence after a jury trial, we sit as the "thirteenth juror." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541,546-547. To reverse, we must disagree with the factfinder's resolution of any conflicting testimony. See Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 2218, 72 L.Ed.2d 652, 661.
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720-721. "A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
The jury found appellant guilty of the charge of tampering with evidence, a violation of R.C. 2921.12, which states at division (A)(1):
 (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation * * *.
 In State v. Moore (Jan. 20, 1992), Scioto App. No. 91CA1966, unreported, we described
the elements of tampering with evidence as follows:
 (1) [T]hat a defendant knows that an official proceeding or investigation was in progress or was likely to be instituted; (2) that the defendant, with such knowledge, altered, destroyed, concealed or removed any evidence; and (3) the foregoing conduct was for the purpose of impairing the evidence's availability in any such proceeding or investigation.
Id., citing State v. Jenks (1991), 61 Ohio St.3d 259, 274, 574 N.E.2d 492,504. Appellant argues that the first element of the tampering charge requires the jury to find that the defendant tampered with the evidence with the knowledge that an official proceeding or investigation was in progress. Appellant concedes that one may tamper with evidence even though no formal investigation is under way. Id. However, he argues that the state failed to establish an overt act of concealment by him. SeeState v. Csizma (Apr. 13, 1987), Montgomery App. No. 9649, unreported.
In Csizma, a police officer carried an operating micro-cassette recorder with him on a raid. The raid resulted in a shooting death, triggering an investigation by the internal affairs division of the Dayton Police Department. The defendant, Csizma, failed to reveal the existence of this recording to the police internal affairs investigators when they questioned him. Upon discovery of the tape more than a year later, the state charged the defendant with tampering with evidence. Csizma's position was that an overt act of concealment must be proven before he could be convicted of tampering with evidence.
Our colleagues in the Second Appellate District agreed with Csizma, and noted that "a mere failure to volunteer information as to the existence of something is insufficient" to support a conviction for tampering with evidence. However, the record in that case also supported the conclusion that Csizma altered the tape subsequent to the night of the raid, but prior to revealing that it existed. Therefore, that court found the "totality of the evidence of the defendant's conduct" was sufficient to support Csizma's conviction for tampering. Likewise, in the case subjudice, we find the "totality of the evidence" supports the conclusion that appellant committed an overt act when he attempted to conceal the evidence in this action.
Appellant argues that there is no evidence that he was aware that the cocaine was in Bolin' s car or that he saw the cocaine fall onto the street. He contends that he stepped on the baggie containing the cocaine purely by accident. Officer Nichols, however, testified that appellant put his foot over the baggie containing the cocaine as soon as it fell out of Bolin's car. When Officer Nichols requested appellant to move off the baggie, appellant just looked at him "with a blank look." Officer Nichols characterized appellant's actions as interfering with Officer Nichols' attempt to investigate the nature of the substance contained in the baggie.
We find that there is substantial evidence to support the conclusion that appellant stepped on the baggie containing the cocaine in order to conceal it from Officer Nichols. The jury could reasonably infer from Officer Nichols' testimony that appellant saw the baggie fall from Bolin's car and that appellant stepped on the baggie to prevent Officer Nichols from discovering it. While the jury was free to accept appellant's explanation that he was unaware of the cocaine when he stepped on the baggie, it accepted Officer Nichols' testimony instead. This case is not one in which the evidence weighs heavily against the conviction, and we shall not second-guess the jury's resolution of the conflicting testimony.
Appellant also argues that the state must establish his possession of the cocaine in order to support his conviction for tampering with evidence. He contends that, in order to "tamper" with evidence, one must "possess" that evidence. Since the jury found appellant not guilty of possession of cocaine, he argues that the jury must have "lost its way" when they returned a guilty verdict on the tampering charge. We disagree.
For purposes of R.C. 2925.11, possession of drugs, ""possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01 (K). Possession may be actual or constructive. State v.Butler (1989), 42 Ohio St.3d 174, 176, 538 N.E.2d 98, 100. A person has constructive possession of an item when he is conscious of the presence of the object and able to exercise dominion and control over that item, even if it is not within his immediate physical possession. State v.Hankerson (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. Actual possession exists where circumstances indicate that one has, or had, an item within his dominion or control.
Nothing in R.C. 2921.12 (A) mandates that a person must have possession of evidence in order to tamper with that evidence, and appellant has cited to no authority that directly supports his argument. In the casesub judice, the jury reasonably could have concluded that appellant was not aware of the cocaine and was not able to exercise "dominion and control" over the cocaine before it fell out of Bolin's car and onto the street. The jury also could have concluded that merely stepping on the cocaine was not an exercise of "dominion and control" even though it was an act of concealment.
We find that there is substantial evidence to support the conclusion that appellant intentionally stepped on the baggie containing the cocaine in order to conceal it from Officer Nichols. Furthermore, we find that it was reasonable for the jury to conclude that appellant did not possess the cocaine, even though he did conceal it. This is not a case in which the evidence weighs heavily against appellant's conviction, and we shall not second-guess the jury's verdict.
Accordingly, we OVERRULE appellant's sole assignment of error and AFFIRM the judgment of the trial court.
 JUDGMENT ENTRY.
It is ordered that the judgment be AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.
 _____________________ David T. Evans, Judge